## McCULLOUGH v MILLER et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3119. Decided April 4, 1940.

C. Eugene Smith, Columbus, and R. Bothwell, Columbus, for plaintiff-appellant.

B. B. Friedman, Columbus, for defendants-appellees.

## OPINION

**BY THE COURT:**

This matter comes before us at this time upon the application of appellant for rehearing. The appellant satisfies himself with citing as authority **Wery v Seff, 136 Oh St 307; Ohio Bar,** February 25, 1940. Contrary to the usual custom in applications for rehearing the defendants-appellees filed a counter memoranda, the first ground of which seems not now to be of consequence. Other grounds are stated which need not now be commented upon.

On the 7th day of February, the Court rendered an opinion in this case, wherein it sustained the Court below and commented as follows:

"Without further discussion of this matter we are of the opinion that there was no error committed by the court below in sustaining the motion requiring the plaintiff to elect or in dismissing the action when the plaintiff refused to comply with the order of the court."

In the Bar Association Report of February 26, 1940, **136 Oh St 307,** appeared the case of **Wery, Appellee v Seff, Appellant,** decided February 21, 1940. This case, of course, was not before us when we rendered our former opinion. The case holds in substance that the violation of an ordinance making it unlawful for the owner of a vehicle to permit a person under sixteen years of age to operate the same, constitutes negligence as a matter of law, and a parent violating such ordinance by placing his automobile in the sole charge of his child, becomes answerable in damages on the basis of his culpability for affording the child the opportunity of inflicting harm, and in the event of an injury, liability of the parent and child is not only primary but joint and several, and both may be joined as parties defendant. When two or more persons directly produce an indivisible injury by their concurrent negligence, they are jointly and severally liable even though there is no common duty, design or concerted action.

Had the plaintiff based his action upon the primary liability of the father in permitting an incompetent son to use his automobile, and the negligent act of the son, concurring with that of the father produced the injury, both would be liable and both could be joined in a single cause of action.

However, the plaintiff below was not content to rely upon a single cause of action such as that described in the Wery case, supra, but in his second amended petition asserted a second cause of action that at the time of the injury "the defendant, Stanley C. Miller, was then and there driving said Buick automobile as agent, servant and employee of the defendant, B. Harry

404

Miller, and within the scope of such agency." Zimmerman, J., in delivering the opinion of the Court, states, p. 311:

"When a servant in the course of his employment negligently causes injury to a third person, he is primarily responsible. The master is responsible also under the doctrine of respondeat superior but secondarily so. There can be no joinder of the two in the same action."

And the Court refers to the case of Losito v Kruse, Jr., 136 Oh St 183, referred to in our former opinion.

We had before us the question as to whether the Court erred in dismissing the petition upon the refusal of the plaintiff to plead further, where in the first cause of action the two defendants are properly joined and in the second cause of action there is a misjoinder and where there is a misjoinder of causes of action. The Court below sustained the demurrers of both defendants upon the ground of misjoinder of parties defendant.

Sec. 11309, GC. sets out the grounds of demurrer:

(5) That there is a misjoinder of parties defendant.

(7) That the several causes of action are improperly joined.

(8) That separate causes of action against several defendants are improperly joined.

Sec. 11312 GC, provides that when a demurrer is sustained on the grounds of misjoinder of several causes of action, on motion of the plaintiff the Court may allow him to file several petition, each including such of the causes as might have been joined; and action shall be docketed for each of the petitions.

When the cause came on for hearing upon the motion of the defendants for an order to require plaintiff to elect as against whom plaintiff intends to proceed, the Court ordered the plaintiff to make an election, which the plaintiff refused to do, and the Court then ordered that the cause be dismissed without prejudice. Had the plaintiff availed himself of the privileges provided by §11312 GC, he could have had two actions, one against the father and son jointly, and concurrently liable for the injury; and one against the father as principal for the wrongful act of his agent as set out in the second cause of action. Why the plaintiff did not pursue this obvious course we do not know, but we assume he had good reason. Nevertheless, the Court had good ground for dismissing his petition when it correctly held that in the second cause of action the father and son could not be joined in a single cause of action as master and servant.

While the case cited to us is a very clear statement of the joint liability of father and son under the circumstances stated in that case, yet it is equally an authority for the fact that where an action is brought for the wrongful act of the servant, the master and servant may not be joined in the same cause of action.

We are, therefore, still of the opinion that the Court below was not in error in dismissing the cause of action on the refusal of the plaintiff to elect or to follow the provisions of §11312, or to abandon the second cause of action.

In the course of our examination we have discovered the motion of the defendant to the petition. We would suggest that there is much merit in some of the grounds of the motion. The plaintiff might do well if he seeks to proceed further, to elaborate his allegation as to the father entrusting the car to his son, an incompetent driver. He does not plead within the terms of any statute or ordinance, nor does he give the age of the son. It is probably true that age is not of importance where the car is entrusted to someone who is incompetent and unskilled in management. However, there is nothing before us upon this point.

Application for rehearing denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.